# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **CHERYL CARPENTER-TURNER**, as independent Administrator of Estate of **ARLETHA BROOKS**, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 17 C 295 |
| **BRENTWOOD OPERATING COMPANY, LLC**, et al., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

This action has been brought by a Notice of Removal ("Notice") from the Circuit Court of Cook County to this District Court by one of the three named defendants, Brentwood Operating Company, LLC ("Brentwood"), which identifies one of the other two defendants ("Brentwood Sub-Acute Healthcare Center") as simply an assumed name currently being used by Brentwood (Notice ¶ 6). This memorandum order is issued sua sponte to address a few potential jurisdictional problems involved in the case's removal to this federal court.

For one thing, nothing is said in the Notice as to the other defendant, THI of Illinois at Brentwood, LLC ("THI"), other than the Notice ¶¶ 4 and 5 assertions that provide the requisite information as to THI's states of citizenship. In that respect, if THI has also been served with process (as Brentwood Notice ¶ 3 states Brentwood has), THI's failure to have joined in or consented to the Notice would be fatal to a current removal, though if THI had not been served at

the time of removal, Brentwood was free to act alone. This Court currently will take no action on that score, instead deferring any action until February 6, 2017.[1]

That then deals with the subject of diversity, part of the necessary inquiry as to the existence of diversity-of-citizenship jurisdiction that is needed to support removal. But the Notice also leaves unanswered (in the legal sense) a question as to the requisite jurisdictional amount, an omission that is particular surprising in light of the carefully crafted assertions in the Notice that deal appropriately with the intricacies of diversity where multiple LLCs are involved. That omission stems from these unsupported ipse dixit statements contained in Notice ¶¶ 7 and 16:

> 7. . . . [T]here is complete diversity of citizenship between the parties and the amount in controversy is in excess of seventy-five thousand dollars ($75,000).
>
> \*     \*     \*
>
> 16. . . . [T]his Defendant believes, in good faith, that the amount in controversy exceeds seventy- five thousand dollars ($75,000).

With the requirement of "plausibility" having been introduced into federal notice pleading by what this Court's shorthand designation characterizes as "the Twombly-Iqbal canon," such boilerplate assertions are inadequate. True enough, the underlying Circuit Court Complaint and a supporting affidavit by counsel for plaintiff ask for damages in excess of $50,000 (a watershed under Illinois law for permitting broader discovery efforts by a plaintiff), and the Complaint is also supported by a letter about the medical condition of the now-deceased Arletha

---

[1] Brentwood's counsel must deliver a Judge's Copy of its supplement to the Notice required by this memorandum order on or before that February 6 date, failing which this Court would be constrained to remand the case to the state court from which it came (see 28 U.S.C. § 1447(c)).

Brooks, whose medical difficulties form the gravamen of this action.  But "in excess of $50,000" is not necessarily in excess of $75,000, and something more than the present wholly conclusory statements quoted above is needed to support federal diversity jurisdiction, and hence to support removal of the action.

Accordingly this Court will defer the entry of an order setting an initial status hearing date until it receives input on the matters dealt with in this memorandum order.   In the meantime it will await the further Brentwood filing called for here.

_____
Milton I. Shadur
Senior United States District Judge

Date:   January 24, 2017